JOHN GILLILAN, Plaintiff in Error, v. ALEXANDER H. NIXON, Defendant in Error.

### ERROR TO McHENRY.

A party who neglects to call up his demurrer to a declaration, and has a trial on the count demurred to, cannot assign error on his own negligence.

Where a debtor of one of two joint contractors is garnisheed and a judgment is obtained against him, the party whose debtor has been garnisheed may make his co-contractor contribute for his part of the debt satisfied by the garnishment—although the debtor garnisheed has been granted time for the payment of the judgment against him.

In garnishee proceedings it is advisable to enter the judgment against the garnishee in favor of the defendant in the attachment suit.

THE facts of this case are fully stated in the opinion.

E. S. HANCHETT, for Plaintiff in Error.

CHURCH & KERR, for Defendant in Error.

BREESE, J. This was an action of assumpsit, brought by Alexander H. Nixon against John Gillilan in the McHenry Circuit Court, for contribution upon a joint indebtedness of Nixon and Gillilan to Ambrose Dodd, upon which one Brainard Lester, a debtor of Nixon, was garnisheed by Dodd, and a judgment recovered against him, as such garnishee of Nixon, for the full amount of the debt due from Lester to Nixon, before the commencement of this suit.

The declaration contains one special count, and the common counts.

The special count recites, that on the 17th day of June, 1858, Dodd recovered a judgment in the McHenry Circuit Court against Nixon and Gillilan, for five hundred and fifty-sixty dollars and seven cents, and five dollars and fifty cents costs, upon which judgment execution was issued, and returned *nulla bona*. That a garnishee summons was issued upon said judgment, against one Brainard Lester, a debtor of Nixon, and a judgment rendered against Lester for the amount of the judgment and costs against Nixon and Gillilan, and that by reason of the judgment being so rendered against Lester, Nixon had been compelled to pay the whole of the judgment and costs obtained against him and Gillilan. The breach is in the usual form.

The common counts are for money had, money had and received, etc. To the first count of the declaration, the defendant in the court below filed a demurrer, and the general issue to the common counts, upon which demurrer there was no de-

cision or judgment by the court, nor was there any plea to the first count.

The cause was submitted to the court by agreement of parties, proofs heard and issues found for the plaintiff in the court below, and damages assessed at three hundred and eleven dollars and fifty-nine cents. A motion was made for a new trial and in arrest of judgment by the defendant in the court below, which were overruled by the court, and judgment rendered against the defendant for three hundred and eleven dollars and fifty-nine cents and costs. The case is brought here by appeal.

The bill of exceptions shows, that upon the hearing of the cause, the plaintiff introduced in evidence, a judgment rendered on the 17th day of June, 1858, in favor of Ambrose Dodd against Nixon and Gillilan for five hundred and sixty-six dollars and nine cents; and a judgment in favor of Dodd, against Brainard Lester as garnishee of Nixon, on the 26th day of October, 1858, for five hundred and seventy-four dollars and ninety cents, and the stipulation of the parties, that the judgment, in favor of Dodd against Lester, as garnishee of Nixon, was regularly obtained, and for indebtedness then due to Nixon by Lester; that Lester was responsible; that by an agreement between Dodd and Lester, the time for the payment of the garnishee judgment was extended for two years from the date of the judgment, and was actually paid on the 18th day of January, 1860, and not before; which was all the evidence in the cause.

The errors assigned are:

1. The court erred in giving judgment in this case without disposing of the demurrer to the first count.

2. The court erred in proceeding with the case without any issue as to the first count.

3. The court erred in giving judgment for the plaintiff below upon the evidence.

It does not appear, by the record, that the defendant called up his demurrer to the declaration, or desired a decision upon it. He went to trial voluntarily, by his own agreement, on the papers as they were, and the record shows that the merits of the case were fully tried on the pleadings as they stood. The plaintiff was required to prove and did prove the count, to which the demurrer had been interposed. It cannot be allowed the defendant now, after a trial on the merits has been had, and with his own consent, to urge his own negligence in not calling up his demurrer as error in the proceedings.

The declaration, however, is before the court on the errors assigned, for if there is no good declaration the judgment should

have been arrested, and judgment for costs entered for the defendant.

The objection taken to the declaration is, that it does not aver that the judgment recovered by Dodd against Lester, as garnishee of Nixon, was paid or satisfied, nor that the joint judgment in favor of Dodd against Nixon and the defendant was satisfied, and defendant thereby discharged from further liability by reason of its satisfaction by Nixon. The case of *Dedman* v. *Williams*, 1 Scam. 154, relied upon in support of this view, does not, we think, establish it. This action is for contribution by one joint debtor against another, who has been compelled to pay the whole debt. The case cited is to the point, that one of two joint purchasers of property on a credit, cannot, before the time of credit has expired, by giving his individual note for the purchase money, immediately sue his co-purchaser for his proportion of the joint debt. One man cannot make himself, by his own voluntary act, the creditor of another. Nixon was under a *quasi* legal compulsion to pay this debt, by summoning his debtor, and obtaining judgment against him, thus using his own means to satisfy a debt owed as well by Gillilan as by Nixon. We think the declaration good in substance.

Though Lester had not paid the judgment to Dodd, at the time of the commencement of this suit by Nixon against the defendant, he having obtained an extension of time from Dodd, by such extension, Dodd assumed the responsibility of its payment, and it was to all intents and purposes, a satisfaction by Nixon of Dodd's judgment against him and the defendant, and created a right in Nixon to sue at once for contribution. *Ralston et al.* v. *Wood*, 15 Ill. 159.

As this proceeding against Lester was by garnishee process, and the judgment informally entered up, it may be well to say here, in accordance with an intimation of the court in the case of *Stahl et al.* v. *Webster et al.*, 11 Ill. 511, that the proper practice in such cases is to enter the judgment against the garnishee, in favor of the defendant in the attachment, as he is the real plaintiff as against his own debtor. This judgment stands in favor of the debtor, for the benefit of such of his attaching and judgment creditors, as may prove a right to share in its proceeds. Such creditors would then have the right to control the judgment, and the money, when collected from the garnishee, would be liable to be distributed among the several creditors. There is a peculiar fitness in entering the judgment in favor of the party who owns the debt, and to whom it is due, and if the judgment exceeds the claims of the attaching and judgment creditors, the overplus will be for his benefit.

The judgment is affirmed.                                    *Judgment affirmed.*