## MARTIN SNIDER

*v.*

## THOMAS S. RIDGEWAY, for the use of
## MESHACK PIKE.

1. PROMISSORY NOTES—*payable to the wife—at common law belong to her hus-*
*band.* At common law, and independent of the statute, a note payable to the
wife, belongs to the husband, and he may endorse it, or sue upon it and recover
in his own name.

2. SAME—*rule—how affected by the married woman's act of* 1861. And this
rule of the common law is not affected by the act of 1861, except in cases where
the consideration for which the note was given belonged to the wife in her own
right.

3. SAME—*payable to the wife—endorsed by her husband—assignee takes it at his*
*peril.* And where a note payable to the wife, is endorsed by her husband, the
assignee takes it at his peril, and should it afterwards appear that it was her
property, the assignee would acquire no title.

4. SAME—*where payable to the wife—may be shown to belong to her husband.*
And notwithstanding a note is made payable to the wife, it may be shown that the
real ownership and title are in the husband.

5. GARNISHMENT—*note payable to the wife of a judgment debtor—may be reached*
*by garnishee process.* And where a promissory note, made payable to the wife,
belongs to her husband, such note, after its maturity, is liable to the process of
garnishment issued by a judgment creditor of the husband.

6. SAME—*proceedings may be instituted before the note matures.* And it is no
objection that proceedings in garnishment, to reach indebtedness on a promissory

note, were instituted before the maturity of the note, provided judgment is not rendered until after it falls due.

7.  And in such case, where the payee of the note, upon the trial of the suit, fails to state that the note had been endorsed before maturity, and the defendant in the proceeding neglects to inquire of such witness whether the note had been transferred before it became due, the jury, under such circumstances, are warranted in finding that it had not been so endorsed.

APPEAL from the Circuit Court of McLean county; the Hon. JOHN M. SCOTT, Judge, presiding.

The facts in this case are fully stated in the opinion.

Messrs. TIPTON, BENJAMIN & ROWELL, for the appellant.

Mr. O. T. REEVES, for the appellee.

Mr. JUSTICE WALKER delivered the opinion of the Court:

It appears from the record in this case, that Meshack Pike recovered a judgment against Thomas S. Ridgeway for $853.33 damages, and $136.85 costs of suit. Afterwards, on the 27th day of May, 1867, Pike filed an affidavit under the statute, and thereupon a summons in garnishee issued against Martin Snider, which was served on the 29th day of the same month. It appears, from the answer and the evidence in the case, that Snider, about the 1st of February, 1867, executed his promissory note for $1200, payable to the wife of Ridgeway one year after date. The cause was continued on the docket until after the maturity of the note, when a trial was had by the court and a jury, and a verdict was found in favor of Ridgeway, and a judgment was rendered in his favor for the use of Pike, and against Snider, for the amount of the judgment, interest and costs previously recovered by Pike against Ridgeway. A motion for a new trial was interposed

at the proper time, but was overruled and exceptions taken, and the case is brought to this court on appeal.

It is urged that, the note being payable to Mrs. Ridgeway, the indebtedness could not be reached by garnishee process. At the common law, and independent of the statute, a note payable to the wife belonged to the husband, and could be held and controlled by him. He may endorse it, or sue upon and recover it in his own name. Chitty on Bills, 22.

The act of 1861, usually known as the "married woman's law," has not changed the common law, unless the money be due to the wife in her own right. If it is given to her on the sale of her property, or on the loan of her money, then the husband could not interfere with or control it any more than could a stranger. And it may be that the fact that a note is payable to the wife is *prima facie* evidence that it is her note and not that of her husband. But if the consideration for which such a note is given belonged to the husband, it would be his note as at the common law, and as such he might hold and dispose of it as though it was specifically payable to him, but the assignee would take it at his peril, and if it should subsequently appear that it belonged to the wife he would acquire no title. And notwithstanding it is payable to the wife, it may be shown that the consideration for which it was given belonged to the husband. It then follows, that the real ownership and title to the note may in some cases be shown, and the *prima facie* ownership of the wife rebutted by evidence.

If it was proved in this case that the consideration for which Snider gave the note belonged to Ridgeway, and not his wife, then it was proved to be his note, and as such, it was, after maturity, liable to the process of garnishment; and a careful examination of the evidence in the record, satisfies us that the consideration belonged to Ridgeway, and not his wife. It was given for cattle and stock, which he had purchased, held and sold as his own. It is true, an effort was made to show

that the cattle were purchased with the money of his wife, but in this there was a signal failure. The testimony at most only showed that Mrs. Ridgeway, some twelve or fifteen years previously, had received some money from her father and brother, but even the amount is not shown, and that her husband had used it as his own since that time. That was prior to the passage of the act of 1861, and, by the law as it then stood, it became the absolute property of the husband. The evidence, at most, shows no more than a part of the money which the wife claims was paid for the stock for which the note was given.

It is also insisted that the proceeding was premature, and that it could not be resorted to before the maturity of the note. No valid objection is perceived to commencing the proceedings in garnishment, to reach indebtedness on a promissory note not then due, so the judgment be not rendered until after its maturity. The 17th section of the attachment act authorizes the rendition of judgments on debts not due, with a stay of execution until after they become due, but expressly prohibits the rendition of judgments for debts founded on negotiable instruments, until they shall be mature. We are, therefore, of the opinion that the court had power to render this judgment, although the summons in the proceeding was sued out and served before the note fell due.

It is also urged that the verdict was not sustained by evidence that Ridgeway or his wife held the note when the trial was had. It is no doubt true, that it must appear that the note had not been assigned before its maturity, but that may be shown or inferred from any legitimate evidence. When one person gives a note to another, it is not an unreasonable presumption to conclude that the payee still holds it, unless circumstances indicate the contrary, and that presumption is greatly strengthened when the payee is on the stand and testifies in the case, but fails to state that he has endorsed it, and the defendant in the garnishee proceeding fails to ask him

whether it had been transferred before it became due.  It may be that the mere presumption, in the absence of all circumstances but the giving the note to the payee, would not be, of itself, sufficient evidence that it had not been assigned ; still, when the payee is placed on the stand as a witness, and the debtor fails to ask whether it has been transferred, and the payee is silent on the point, a jury is warranted in finding that it had not been endorsed.   And this is especially true, as the note does not seem to have been presented for payment after maturity.   Had it been negotiated, it is only reasonable to suppose that it would have been presented at, or immediately after, its maturity.   In all cases, it is proper that the jury should be reasonably well satisfied that the note has not been endorsed before it became due, but we are of opinion that the evidence fully warranted the conclusion at which they arrived.

Perceiving no error in this record, the judgment of the court below must be affirmed.

*Judgment affirmed.*