## JOHN WARNE *et al.*

*v.*

## BYRON KENDALL.

1. GARNISHMENT—*issue should be made as between the defendant in attachment and the garnishee.* It is irregular to make up and try an issue between a garnishee and the attaching creditor. The issue should be between the defendant in attachment and the garnishee.

2. SAME—*form of judgment.* No judgment can be rendered against a garnishee in favor of the attaching creditor, but it must be in favor of the

defendant in attachment, which will stand as a security or fund, in which other attaching creditors may participate.

3. SAME—*indebtedness on negotiable note.* Where a garnishee has given a negotiable promissory note to the defendant in attachment, which is assigned before its maturity, he will not be indebted to such defendant, but to the holder, and will not be liable to garnishee process in the attachment.

APPEAL from the Circuit Court of Kane county; the Hon. H. H. CODY, Judge, presiding.

Messrs. BOTSFORD, BARRY & WILCOX, for the appellants.

Mr. J. H. MAYBORNE, for the appellee.

Mr. JUSTICE BREESE delivered the opinion of the Court:

We are unable to discover, from this record, any right appellee has to retain the judgment rendered in his favor by the circuit court of Kane county.

It appears appellee had brought his action at law against Rosina Brown, and sued out a writ of attachment in aid thereof, which was served on appellants, but no property was attached. Appellee recovered judgment against Mrs. Brown.

Appellants, as garnishees, answered interrogatories. An issue was made up, and tried by a jury, who found a verdict for appellee.

It would appear the issue was between appellee and appellants, on garnishee process. This was irregular, as this court has repeatedly held. The issue should have been between Rosina Brown and appellants, they being alleged to be her debtors. *Gillilan* v. *Nixon,* 26 Ill. 50, referring to *Stahl et al.* v. *Webster et al.* 11 ib. 511 ; *Farrell* v. *Pearson,* 26 ib. 463 ; *Rankin* v. *Simonds,* 27 ib. 352 ; *Cariker* v. *Anderson,* ib. 358 ; *Towner* v. *George,* 53 ib. 168.

The garnishees owed appellee nothing, and, of course, no judgment should be rendered against them in his favor. It should have been in favor of Mrs. Brown, if it had been proved they were indebted to her at the time process was

served upon them. The judgment against the garnishees in favor of the debtor, in the attachment cause, stands as security or as a fund, in which other attachment creditors may participate.

But, waiving this, we fail to find any evidence tending to prove that appellants, or either of them, were indebted to Mrs. Brown at the time summons in garnishment was served upon them, nor did they, or either of them, become liable by purchasing the lease, and executing a negotiable note therefor in part payment, as it appears this note was assigned to the bank before its maturity, and the makers thereby became the debtors to the bank.

The question was not, when the lease was bought of Dawson, but, when the summons was served, were appellants the debtors of Mrs. Brown. That they were not, is clear.

The judgment is reversed.

*Judgment reversed.*