## Boddie v. Tudor Boiler Mfg. Co. et al.

1. GARNISHMENT—*Form of the Judgment.*—A judgment against a garnishee must be in the name of the original defendant for the use, etc. To enter it in the name of the original plaintiff is error.

2. GARNISHEE PROCEEDINGS—*The Issue, How Made.*—In garnishee

proceedings the issue is made by the reply of the plaintiff to the answer of the garnishee, but the issue is as to indebtedness to the defendant.

**Memorandum.**—Garnishee proceedings. Error to the Superior Court of Cook County; the Hon. THEODORE BRENTANO, Judge, presiding. Heard in this court at the October term, 1893. Reversed and remanded. Opinion filed November 27, 1893.

The statement of facts is contained in the opinion of the court.

WOOLFOLK & BROWNING, attorneys for plaintiff in error.

HOYNE, FOLLANSBEE & O'CONNOR, attorneys for defendants in error.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

The Tudor Boiler Mfg. Co. commenced an action by attachment against Osborne & Townsend, April 19, 1888. They pleaded non-assumpsit, and October 22, 1889, the parties appeared, submitted the case for trial without a jury, and judgment was entered against them for $1,363.53.

The plaintiff in error was a garnishee, and conditional judgment was then entered against him by default, he having been served, for the same amount.

Interrogatories had been filed when the suit was commenced, and after being served on *sci. fa.*, Boddie answered them December 17, 1889. Replication to the answer was filed March 14, 1891. March 27, 1891, the garnishee proceedings were dismissed for want of prosecution on motion of Boddie, but were reinstated three days thereafter.

Then under date of June 20, 1893, the record shows this:

" TUDOR BOILER MFG. CO.   ⎫
            vs.                      ⎬   Attachment.
E. F. OSBORNE & JNO. TOWNSEND. ⎭

" This cause being called for trial as to the issue against the garnishee, M. M. Boddie, came the parties by their attorneys and issues being joined, it was ordered that a jury come, whereupon come the jurors, etc. (Here follow names of jurors.)

" Being duly elected, sworn, etc., to try the issues joined and a true verdict render, etc., after hearing all the evidence

adduced say, we, the jury, find there is now due from garnishee M. M. Boddie, trustee, to defendants, Osborne & Townsend, the sum of $5,311.59.

"Therefore it is considered by the court that the defendants, E. F. Osborne and John Townsend, for the use of the plaintiff, Tudor Boiler Manufacturing Company, as to the sum of $1,363.63, and interest thereon upon the 22d day of October, 1889, being amount of original judgment rendered at date aforesaid, and all plaintiff's costs and charges in this as well as in that behalf expended, and as to the residue for the use of themselves, to have and recover of and from said garnishee, M. M. Boddie, the sum of $5,311.59, so found to be due by the jury aforesaid, and have execution therefor."

What cause was called for trial? The one named in the title had ended nearly four years before. What parties came? The fair meaning is those named in the title; both interested in putting a burden, justly or unjustly, upon the plaintiff in error. It has been often decided that a judgment against a garnishee must be in the name of the original defendant for the use, etc., and that to enter it in the name of the original plaintiff is error. C. R. I. & P. Ry. v. Mason, 11 Brad. 525.

It follows that the cause in which such judgment is entered should be the cause of the original defendant for the use, etc., against the garnishee. Warner v. Kendall, 78 Ill. 598.

Although the issue is made by the reply of the plaintiff to the answer of the garnishee, yet that issue is as to indebtedness to the defendant, due or to become due when the answer was filed.

The recital upon the record that a cause not pending was called for trial, furnishes no foundation for trying an issue in another cause, and unless it clearly appear that a party to be affected by the trial of such issue participate in the trial, he ought not to be bound by the result. Nor is the verdict responsive to the issue, which was, whether the garnishee had truly answered; not what might be owing upon any cause of action more than two years thereafter. Patterson v. United States, 2 Wheaton, 221.

The judgment is reversed and the cause remanded.