# Henry Lovett v. Oscar E. Binner.
# Willis J. Wells, Appellant, v. Oscar E. Binner, Appellee.

## Gen. No. 16,941.

ATTACHMENT AND GARNISHMENT—*act construed.* The statute now in force does not exempt from garnishment amounts payable on negotiable instruments not due at the time of service of garnishee summons if the instruments mature before "rendition of the judgment" in the hands of the defendant.

Appeal from the Municipal Court of Chicago; the HON. CHARLES N. GOODNOW, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1910. Reversed and judgment here. Opinion filed May 21, 1912.

PARKER & HAGEN, for appellant.

CHARLES HUDSON, for appellee.

MR. JUSTICE F. A. SMITH delivered the opinion of the court.

This action in assumpsit with attachment in aid was

commenced February 2, 1909. The attachment writ was issued February 20, 1909, and was served on several garnishees including appellant, Willis J. Wells, February 22, 1909. Several motions of appellant were made to quash and were overruled. The garnishees did not answer the interrogatories filed, and conditional judgment was entered against the defendant, and a *scire facias* was served upon the garnishees. Appellant answered denying indebtedness, "except upon negotiable promissory notes not due at date of writ;" and to interrogatory 7, he answered as follows:

"On or about June 16th, 1908, I purchased from Oscar E. Binner 615 shares of the capital stock of Binner-Wells Co. for the sum of $32,595.00. Certificates for said 615 shares of stock were thereupon assigned and transferred to me by said Oscar E. Binner, and I thereupon made and delivered to the said Oscar E. Binner eight negotiable promissory notes, all dated June 16th, 1908, payable to the order of said Oscar E. Binner; note No. 1 for the sum of $3900.00, payable in weekly installments of $75.00 each, the first installment being due on the 23rd day of June, 1908; note No. 2 for $3900.00, payable in weekly installments of $75.00 each, the first installment to be due on the 23rd day of June, 1909; note No. 3 for $5200.00, payable in weekly installments of $100.00 each, the first installment being payable on the 23rd day of June, 1910; note No. 4 for $5200.00, payable in weekly installments of $100.00 each, the first installment being due on the 23rd day of June, 1911; note No. 5 for $5200.00, payable in weekly installments of $100.00 each, the first installment being due on the 23rd day of June, 1912; Note No. 6 for $5200.00, payable in weekly installments of $100.00 each, the first installment being payable on the 23rd day of June, 1913; note No. 7 for $5200.00, payable in weekly installments of $100.00 each, the first installment being payable on the 23rd day of June, 1914; note No. 8 for $2589.70, payable in weekly installments of $100 each, the first installment being due on the 23rd day of June, 1915. Notes numbered three to eight, in-

clusive, bear interest at the rate of six per cent. per annum from the 16th of June, 1910, payable semi-annually. All installments on note No. 1 have been paid when due. All of said promissory notes have been transferred by said Oscar E. Binner and are now held by other parties.''

A trial was had before the court without a jury which resulted in a finding and judgment against the defendant Binner for $5,012, and against the garnishee Wells, appellant, for $1,200.

June 16, 1908, Wells, the garnishee, bought from Binner, the principal defendant, his interest in the Binner-Wells Company, a corporation, represented by 615 shares of the capital stock which were then assigned and transfered to Wells, and in consideration therefor Wells made and delivered his promissory notes above described for $32,595 payable in installments of $75 per week during 1908, and 1909, and $100 per week thereafter. This $75 per week was paid each week during 1909 to Binner by Wells, the garnishee, by giving a check to the Binner-Wells Company, of which he was the principal if not the only stockholder, to the order of Binner for $75. These checks were given to Miss Kiley, a stenographer for the company, who acted for Binner in his absence in California. Miss Kiley stamped them with a rubber stamp for deposit, and took them to the bank, and deposited them to the credit of Binner. Some of these installments were divided by making them for $45 to the order of Binner and for $30 to the order of his wife.

From February 22, 1909, to the date of the answer, June 15, 1909, the garnishee Wells paid the principal defendant, Binner, $1,200 in the manner above stated. After answer filed and before the trial, the garnishee paid Binner installments amounting to $2,025 making the total payments made after service of summons and before judgment $3,225.

The appellee assigned cross-errors setting forth that

the. finding and judgment are for a. smaller amount. than plaintiff is entitled to recover from Wells.

It is contended by appellant that the judgment against him is erroneous in that it is based on an indebtedness represented by negotiable instruments not due at the date of service of garnishee summons. We do not agree with this contention. While the whole of the notes were not due, one installment was due, and the other amounts or installments fell due between the date of service and the date of judgment. Snider v. Ridgeway, 49 Ill. 522. We do not think the act of 1872 made any substantial change in the garnishment act as construed in Snider v. Ridgeway, *supra*. The clause "or rendition of the judgment" meant the same in the act of 1872 that it did in the act of 1845. We do not think that the statute now in force exempts from garnishment amounts payable on negotiable instruments not due at the time of service of garnishee summons if the instrument matures before "rendition of the judgment" in the hands of the defendant.

In our opinion the cross-errors of the plaintiff, appellee, are well assigned, and the judgment is reversed and a judgment for the amount which fell due on the notes up to the time judgment was rendered in the trial court, is entered in this court on a finding of fact for $3,225 against appellant Wells.

*Reversed and judgment here.*