Marengo State Bank, Plaintiff-Appellant, *v.* Gene West, Defendant—Belvidere Nat. Bank and Trust Co., Garnishee-Appellee—(Comstock Feed and Equipment Co., Plaintiff-Appellee, *v.* Gene West and Central Grain Co., Defendant—Belvidere Nat. Bank, Garnishee-Appellee.)

(No. 70-100;

Second District—March 1, 1971.

Pollock, Meyers & Eicksteadt, of Marengo, for appellant.

Berry, Simmons & Coplan, of Rockford, for appellees.

Mr. PRESIDING JUSTICE THOMAS J. MORAN delivered the opinion of the court:

Marengo State Bank (Marengo) and the Comstock Feed and Equipment Company (Comstock) were judgment creditors of farmer Gene West in February of 1969. West arranged for a public auction of his machinery, equipment and livestock to be held on March 7, 1969. He

designated the Belvidere National Bank and Trust Company (Belvidere) to act as Clerk of the Public Sale on that date.

On March 4, 1969, Marengo caused a non-wage garnishment summons to be served upon Belvidere. On March 7, 1969, Comstock served its garnishment summons upon Belvidere. Both garnishment summons sought to reach any property held by Belvidere belonging to judgment debtor West.

The sale was held on March 7, 1969, at which Belvidere received the proceeds as Clerk of the Sale.

The amended answer of Belvidere-Garnishee to the interrogatories propounded by Marengo, states that on March 4, 1969, the date that the summons was served, Belvidere held no funds or property belonging to West but, on March 7, 1969, it received certain proceeds from the sale.

The answer of Belvidere to the summons and interrogatories propounded by Comstock stated that it had a check, payable to Gene West and itself, together with proceeds from a public sale, the same received late in the day of March 7, 1969.

These two garnishment proceedings were consolidated for hearing.

The trial court, after ruling on alleged assignments made by West which are not here in issue, held that on March 4, 1969, when the Marengo garnishment was served, Belvidere held no assets belonging to Gene West; that the designation of Belvidere as the clerk of the future sale was not an indebtedness to become due within the meaning of the garnishment statute; and therefore, Marengo took nothing by its garnishment summons. Going further, the court found that on the date that Comstock served its summons, Belvidere was in possession of the proceeds from the sale and that Comstock garnishment was effective. Judgment was entered for Comstock against Belvidere and Marengo appeals.

Marengo complains that the court erred in holding that there was no indebtedness in existence on the date that its summons was issued and in failing to give its summons priority as the first summons served.

Ill. Rev. Stat. 1967, ch. 62, par. 39, concerns the duties of a garnishee. The Act in force on the date that these summons were served, had been amended in 1961 and provided, *inter alia*:

"(a) * * * the garnishee shall hold, subject to order of court * * * non-exempt property in his possession * * * belonging to the judgment debtor * * * The judgment or balance due thereon (1) becomes a lien on the indebtedness and other property held by the garnishee *at the time of service of garnishment summons* and (2) remains a lien thereon pending the garnishment suit." (Emphasis added)

"(b) The garnishee shall file * * * a written answer under oath

to the interrogatories, setting forth as of the date of service of the garnishment summons (1) any indebtedness due or to become due to the judgment debtor and (2) any other property in his possession, custody or control (a) belonging to the judgment debtor or (b) in which the judgment debtor has an interest."

The first question presented is whether or not Belvidere held "any indebtedness due or to become due to the judgment debtor" on March 4, when served with the Marengo summons. It must be answered in the negative.

■■ It has been held that garnishment cannot lie unless the garnishee is indebted to the debtor without uncertainty or contingency at the date of the answer of the garnishee. A fund is not subject to garnishment if the judgment debtor could not maintain an action therefor against the garnishee. (*Larson v. McCormack* (1936), 286 Ill.App. 206, 208.) On March 4, Belvidere had only the prospect of receiving proceeds, if any, from the sale to be held on the 7th. The record does not reflect any agreement between Belvidere and West. Its position as Clerk did not assure it that the sale would not be called off, or that bids would be received or that it would not be discharged as Clerk before the sale. The likelihood that it would receive funds belonging to West at the sale was a prospect, only, without any certainty or enforceability.

■■ Marengo urges this Court to grant its summons priority over the summons of Comstock served three days later. Priority is not the proper issue. Garnishment proceedings are governed by the Garnishment Act which is strictly interpreted by the Courts of Illinois. *National Home v. American Nat. Bank & Trust Co.* (1958), 16 Ill.App.2d 111, 114. The Act in force on the date of the service of these summons provides that the judgment becomes a lien on the indebtedness held by the garnishee "at the time of the service of garnishment summons", and that the garnishee must file an answer under oath "setting forth as of the date of service of the garnishment summons" any indebtedness due or to become due. To be effective and to avoid confusion, the Act must necessarily take effect on some definite date. The Legislature chose the date of service of the garnishment summons. It might have chosen the date that the answer was due, but it did not do so. The Act is clear and without ambiguity. The judgment becomes a lien on the indebtedness of the garnishee to the defendant at the time of the service of the garnishment summons. (*Pilafas v. Pilafas* (1963), 39 Ill.App.2d 69, 71.) The Act provides that the answer shall set forth the nature of the assets held as of the same date.

The appellant urges *Pressed Steel Equip. Co. v. Thornburgh Pressteel Co.* (1923), 228 Ill.App. 1; *Schraiberg Mfg. Co. v. Boston Ins. Co.* (1927), 246 Ill.App. 196; *Larson v. McCormack* (1936), 286 Ill.App. 206; *National*

*Home v. American Nat. Bank & Trust Co.,* *supra,* as authority for the proposition that the garnishment is effective against assets and the answer must include assets due to the judgment debtor up to the date of the answer of the garnishee. All of these cases were decided before the effective date of the Statute in force in March of 1969, and for that reason, among others, they are not dispositive of the question raised in this case.

In 1957, before the present Statute was enacted, the garnishee was required to answer interrogatories concerning money due and owing to the defendant "at the time of the service of said writ or which thereafter became due on or prior to the date garnishee answers * * *" (Ill. Rev. Stat. 1957, ch. 62, par. 5). The 1959 amendment deleted the reference to "on or prior to the date garnishee answers." (Ill. Rev. Stat. 1969, ch. 62, par. 39(c)).

The answer of Belvidere to the summons of Comstock served on March 7, stated that it received the sale proceeds on that date. The trial court properly ordered the balance applied to the Comstock judgment.

Judgment affirmed.

ABRAHAMSON and GUILD, JJ., concur.