ZURA FULLER *et al.*

*v.*

CRANMER W. BROWN.

*Filed at Ottawa May 11, 1897.*

1. Upon the point as to when a grantor in a trust deed, which contains a provision for the payment of a reasonable attorney's fee out of the proceeds of the foreclosure sale in case such fore-closure is necessary, becomes liable for the payment of such fee, the opinion follows the decisions in *Cheltenham Improvement Co.* v. *Whitehead,* 128 Ill. 279, and *Heffron* v. *Gage,* 149 id. 182.

2. TENDER—*tender after commencement of foreclosure suit should include a reasonable attorney's fee.* Tender by a mortgagor after suit begun to foreclose, to be effective, should include an offer to pay reasonable attorney's fees already earned, where the mortgage provides for the payment of a reasonable attorney's fee, in the event of foreclosure, out of the proceeds of the foreclosure sale.

APPEAL from the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of Stark county; the Hon. N. E. WORTHINGTON, Judge, presiding.

ARTHUR KEITHLEY, for appellants:

Where a mortgage contains a stipulation that in the event of foreclosure an attorney's fee shall be taxed by the court and included in the decree, the mere commencement of proceedings does not entitle plaintiff to the fee; and if defendant, after institution of proceedings but before decree, tenders plaintiff the amount of the mortgage and costs accrued, he is discharged. *Lammon* v. *Austin,* 33 Pac. Rep. 355; *Schmidt* v. *Potter,* 35 Iowa, 426; *Stover* v. *Johnnycake,* 9 Kan. 367; *Wylie* v. *Karner,* 54 Wis. 591; *Monroe* v. *Fohl,* 14 Pac. Rep. 514; *Jennings* v. *McKay,* 19 Kan. 120.

A provision in a mortgage for attorney's fees in case of foreclosure cannot be enforced unless an actual sale is made. *Myer* v. *Hart,* 40 Mich. 517.

A stipulation that an attorney's fee for foreclosure be taxed, with the costs of suit, against the mortgagor, does

not authorize such a fee in case the mortgagor pays the debt after suit is commenced but before decree.   Jones on Mortgages, sec. 1606.

An agreement to pay the fees of the complainant's solicitor, or other expenses of the suit to foreclose a mortgage, is a departure from the general public policy of the State, and should be strictly construed, and not be extended to any case not within its precise terms.   *Cheltenham Improvement Co.* v. *Whitehead,* 20 Ill. App. 613.

B. F. THOMPSON, for appellee:

An agreement in a mortgage to pay an attorney's fee on foreclosure is a part of the security itself, and the costs incident to the collection of the debt may be made a part of the decree in case of foreclosure, and an objection that no attorney's fee was due at the commencement of the suit will not avail.   *Frink* v. *Neal,* 37 Ill. App. 621; *Heffron* v. *Gage,* 149 Ill. 182; *Guignon* v. *Trust Co.* 156 id. 135; *Clawson* v. *Munson,* 55 id. 394; *McIntire* v. *Yates,* 104 id. 491; *Telford* v. *Garrels,* 132 id. 550.

Where a mortgage provides that in case of foreclosure a solicitor's fee shall be taxed, the fee is properly taxed as part of the costs of foreclosure.   *Mulcahey* v. *Strauss,* 52 Ill. App. 252; 151 Ill. 70.

Where a mortgage contains a provision for payment of a solicitor's fee, it is a lien upon the land.   *Guignon* v. *Trust Co.* 58 Ill. App. 587.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

Appellee, who was the holder of promissory notes, secured by a trust deed, executed by Zura Fuller and Frances M. Fuller, his wife, filed a bill to foreclose the trust deed, and prayed for an allowance of solicitor's fees as provided therein.   Oakford & Fahnestock, a corporation, and Aaron S. Oakford, were also made parties defendant under an averment that they had or claimed

some interest in the mortgaged premises. They answered, admitting all allegations of the bill but disputing the right to a solicitor's fee, and averring that after the suit was commenced they had tendered to the complainant the amount due on the notes and trust deed for principal and interest, together with the costs of suit, and this tender they brought into court. The cause was referred to the master, and it was admitted before him that the entire amount due, not including any solicitor's fee, had been tendered as alleged and deposited with the clerk of the court. Testimony was taken showing that $75 would be a reasonable fee for complainant's solicitor, and the master reported that complainant was entitled to a decree of foreclosure for the amount found due for principal and interest, and also for said solicitor's fee and costs of the suit. Exceptions to the allowance of the solicitor's fee were overruled, and a decree of foreclosure was entered accordingly, which has been affirmed by the Appellate Court.

The agreement of the parties with respect to the solicitor's fee, the condition under which it should be allowed and the manner of payment is the same in this case as in the cases of *Cheltenham Improvement Co.* v. *Whitehead,* 128 Ill. 279, and *Heffron* v. *Gage,* 149 id. 182, except that the stipulation is for a reasonable fee, while in one of those cases it was for five per cent of the amount due and in the other for $1000. The decisions in those cases must control in this.

The bill had been filed and reasonable fees to that extent had been earned when the offer to pay was made, and there was no offer to pay such reasonable fee so earned. If the defendants desired to make payment of the amount then due, so as to avoid further cost and expense, they should have offered to pay a reasonable fee for the service already performed.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*