## Mary Healy v. The Protection Mutual Fire Insurance Company.

1. SOLICITOR'S FEES—*Where Bill to Foreclose is Filed in the Name of the Holder of the Notes.*—A trust deed given to secure notes provided that on default of payment the trustee might, in his own name or otherwise, file a bill to foreclose and take out of the proceeds of such sale enough to pay all costs of advertising, sale and conveyance, including the reasonable fees and commissions of the trustee, and reasonable attorney's and solicitor's fees. etc. *Held,* that reasonable solicitor's fees may be recovered as a part of the debt secured, even where the bill is filed in the name of the owner of the notes.

2. INTEREST—*Allowable Upon Decrees.*—Judgments and decrees bear interest from the date of entry, including a judgment for costs.

**Bill to Foreclose a Trust Deed.**—Appeal from the Circuit Court of Cook County; the Hon. MURRAY F. TULEY, Judge presiding. Heard in the Branch Appellate Court at the March term, 1902. Affirmed. Opinion filed April 28, 1903.

VOCKE & HEALY, attorneys for appellant.

DANIEL F. FLANNERY, attorney for appellee.

MR. PRESIDING JUSTICE WATERMAN delivered the opinion of the court.

This is an appeal from a decree foreclosing a trust deed made September 5, 1897, by Augusta and Charles Spangenberg, to secure the payment of $6,800, represented by eleven promissory notes, payable at different dates, concerning which mortgage about September 5, 1899, an arrangement was made between appellee and appellant to extend the time of payment of the principal until March 5, 1903. July 26, 1898, Augusta and Charles Spangenberg conveyed the premises to appellant, subject to said incumbrance, upon which $500 had been paid, the balance of which appellant assumed and agreed to pay.

Default having been made in the payment of the mortgage notes, maturing September 5, 1899, March 5, 1900, and September 5, 1900, and in the payment of interest due September 5, 1900, and in the payment of taxes, the entire indebtedness was declared due, and October 5, 1900, appellee filed its bill to foreclose said trust deed. November 7, 1900, appellee stated the following to be the amount claimed to be due under said trust deed and notes:

| | |
|---|---:|
| Principal | $5,300 00 |
| Interest | 223 92 |
| Clerk's costs | 10 00 |
| Abstract | 4 00 |
| Sheriff's fees | 8 35 |
| Attorney's fees | 150 00 |
| Total | $5,696 27 |

November 7, 1900, appellant tendered to appellee the sum of $5,596.27, being $100 less than that claimed by appellee; appellant insisting that only an attorney's fee of $50 was due under said trust deed instead of $150 as claimed by appellee. This tender appellee refused.

November 21, 1900, appellant filed her answer to the bill of foreclosure admitting all of the allegations in the bill, except certain matters not now material. The answer of appellant set up the tender of $5,567.78 made by her November 7, 1900. Replication having been filed to said

answer the cause was referred to a master to take testimony and report.

At a hearing before the master, March 11, 1901, appellant increased the amount of this tender from $5,567.78 to $5,622.38, being an increase of $54.60, which increased tender, appellant states, was made because of a mistake in the calculation of interest made at the time of the first tender by it November 7, 1900. This second tender not being accepted, the taking of testimony before the master proceeded, and the 4th of November, 1901, the master's report was filed.

The master found, among other things, that the tender made November 7, 1900, of $50 for solicitor's fees, was not a reasonable fee for the services by the solicitor of appellee rendered up to the time of said tender, and that the tender of $5,567.78 made November 7, 1900, was insufficient and not kept good.

The master further found that appellee was entitled to reasonable solicitor's fees, and that $250 is such fee; that appellee expended $4 for an abstract of title and was entitled to recover the same, and asked for his, the master's, services in the premises, a fee of $125.20.

Objections and exceptions to the master's report were overruled and a decree entered confirming the report, and ordering that unless defendants, or some of them, pay within five days the sum of $6,082.21, with interest from the date of decree to the day of payment, and also cost of the suit, including solicitor's fees and the master's fees on the report herein, which master's fees were taxed at $125.20, the premises described in the bill, or so much thereof as might be sufficient to realize the amount due, be sold at public auction for cash to the highest bidder.

Appellant admits that by a miscalculation the amount tendered November 7, 1900, was insufficient by the sum of $54.60. Appellant then conceded that appellee was at that time entitled to receive the sum of $50 for the services of their solicitor already rendered in said cause. The tender made March 11, 1901, at a hearing before the master,

increased the tender of November 7, 1900, some four months previous, by only $54.60.   It was insufficient, if for no other reason, because interest had been running since the first tender, some four months, and the principal, interest, court costs, necessary disbursements, with an allowance of only $50 to pay solicitor's fees, make the sum then due more than the amount tendered as aforesaid at the hearing.

Appellant urges that the court erred in allowing the sum of $125.20 for master's fees.   The master had to pass upon the questions arising out of the two tenders made and also as to the right to a solicitor's fee, and what a reasonable and just fee, if any were to be allowed, was.   As to the reasonableness of such fee a great deal of testimony was taken, some eight or nine witnesses being heard.   Appellant insists that the taking of this testimony was unnecessary, because she did not dispute that $250 was a reasonable fee, if any were to be allowed, but that she did dispute and does deny that under the terms of the trust deed any solicitor's fees should have been allowed.

Our attention has not been called to any admission by appellant, before decree, that the sum of $250 for solicitor's fees was reasonable, if any were to be allowed, and regarding this, the taking of testimony upon this matter was not only proper, but necessary.   With reference to whether any solicitor's fee should have been allowed, appellant admits that the decision of the Supreme Court in Cheltenham Improvement Company v. Whitehead, 128 Ill. 279, justifies the decree in this regard.   Appellant insists that the rule in that case announced is not a sound interpretation of the contract of the parties.

We are of the opinion that this court is bound to follow the rule announced by the Supreme Court in 128 Ill. 279, approved as it was in Fuller v. Brown, 167 Ill. 293, and followed by this court in Loughridge v. Podrasnik, general number 9642.

We do not regard the decree as erroneous in that it provides for the payment of interest at five per cent per annum upon the amount thereof, until the same shall be satisfied.

Appellant's insistance in this regard is that as the decree included $250 of solicitor's fees, and that as such $250 was allowed for services, in part thereafter to be rendered, interest upon the amount of such fee included in the decree should not have been allowed. By far the greater portion of the solicitor's services, for which such fee was allowed, had been rendered; the decree is in this regard such as is usual and such as has been many times approved by the Supreme Court.

We do not think there is any reason for the contention of appellant that the language of the decree is such that costs and solicitor's fees may under it be recovered twice.

The decree of the Circuit Court is affirmed.