## Paul Smolikowski, Defendant in Error, v. Frank J. Laibe, Plaintiff in Error.

## Gen. No. 15,348.

1. MUNICIPAL COURT—*when two judgments not shown against defendant. Held,* under the record in this case that the first judgment rendered against the defendant was set aside and that only one judgment remained of record against him.

2. PLEADING—*effect of filing general issue upon pending demurrer.* If a demurrer is pending and the defendant files a plea of the general issue to the whole declaration he thereby waives such demurrer, and it is not error to enter judgment without disposing of such demurrer.

3. PLEADING—*when non-disposition of demurrer cannot be complained of.* Where there is no bill of exceptions and so far as the record shows the defendant went to trial without a demurrer to a part of a declaration being disposed of, he will not be heard to complain of the action of the court in rendering judgment against him without disposing of such demurrer.

4. ABATEMENT—*when substitution of plaintiffs proper. Held,* that upon the death of the original plaintiff in this action the substitution made was proper under section 23 of chapter 1 of the Revised Statutes.

5. INTEREST—*when allowance upon note proper.* After the maturity of a note which does not bear interest an allowance of interest at the statutory rate is proper.

Error to the Circuit Court of Cook County; the HON. JOHN GIBBONS, Judge, presiding. Heard in this court at the October term, 1909. Affirmed. Opinion filed April 29, 1912. *Certiorari* denied by Supreme Court (Making opinion final).

J. W. SUTTON, for plaintiff in error.

THOMAS J. O'HARE, for defendant in error.

MR. JUSTICE SMITH delivered the opinion of the court.

This was a suit by V. Przewlocki for the use of the plaintiff, here defendant in error, against the defendant, here the plaintiff in error, on a promissory note as follows:

"$800                Rome, Dec. 23rd, 1889.

Within five years from date I promise to pay to the order of Very Rev. V. Przewlocki, Superior General of the Congregation of the Resurrection, the sum of eight hundred (800) Dollars, without interest, value received.

Attest    David Fennesy.         F. J. Laibe."

On August 18th the defendant filed a demurrer to the declaration. On August 19th judgment was entered against the defendant by default. On August 26, 1903,

on motion of the plaintiff, it is said because of errors in spelling some of the names of the parties, the judgment of August 19th was vacated and set aside. Default of the defendant was taken and judgment entered against him. On September 19, 1903, on a stipulation of the parties, "the judgment heretofore on August 19, 1903, rendered herein" was set aside and vacated and plaintiff given leave to file an additional declaration herein "instanter." On the same day the plaintiff filed an amended declaration. On October 2nd the defendant filed a plea of the general issue with an affidavit of merits to the whole of the plaintiff's demand; also a plea of set-off for services rendered by the defendant to the plaintiff. Various motions were made and orders followed pertaining to a bill of particulars. On March 27, 1906, the case was called for trial and dismissed for want of prosecution. On April 12, 1906, on stipulation the said order of dismissal and judgment entered thereon was vacated, and the cause reinstated and placed on the trial call. On May 25, 1906, the case was again called for trial. The death of Przewlocki was suggested of record, and an order entered that Paul Smolikowski be substituted as plaintiff and amendments made accordingly. The issues were submitted to a jury, who found for the plaintiff and assessed the damages at the sum of $1,225.75, and the Court entered judgment against the defendant therefor, and February 18, 1909, the defendant sued out this writ of error.

We do not agree with the defendant that there are now two judgments against the defendant in this case, one of August 26, 1903, and one of May 25, 1906. It is manifest that the "judgment heretofore rendered" that was set aside and vacated by the order of September 19, 1903, was the only judgment then of record in the case, that of August 26, 1903, and that the parties so understood and intended, and the date of Au-

gust 19th in the order of September 19, 1903, was clearly a clerical mistake.

It is claimed it was error to enter the judgment of May 25, 1906, because there was at the time an undisposed of demurrer to the original declaration, and the counts filed September 19, 1903, were additional counts and not an amended declaration. Even if it be considered that the said counts so filed were additional counts, the defendant's position cannot be sustained, for he filed a plea of the general issue to the whole declaration, thereby waiving the demurrer. I. C. R. R. Co. v. Patterson, 69 Ill. 650. It may also be observed that there is no bill of exceptions, and so far as the record shows the defendant went to trial on these pleadings, and he would not be heard here on this objection. Devine v. C. C. Ry. Co., 237 Ill. 278.

Complaint is made of the substitution of the plaintiff on the death of Przewlocki. This was the proper procedure under Section 23, Chapter 1, (Abatement) of the Revised Statutes.

The defendant claims that the jury allowed interest at the legal rate of five per centum per annum from the date the note became due to the day of the verdict. The note by its terms was without interest. The allowing of interest is urged as contrary to the terms of the contract, and therefore error. Interest is the creature of the statute. Schwitters v. Springer, 236 Ill. 271, and cases there cited. The defendant agreed to pay eight hundred dollars on or before December 23, 1894. He did not pay the same, and therefore violated his contract. Under such circumstances interest from the maturity of the note is allowed in the nature of damages for the detention of the debt and is governed by Section 2, Chapter 74 (Interest) Revised Statutes, providing that five per centum per annum shall be allowed on promissory notes after they become due.

The judgment is affirmed.                    *Affirmed.*