## Hennessey Bros. Company for use of W. J. Cummins, Plaintiff in Error, v. St. Mary's Academy of Benedictine Sisters, Defendant in Error.

### Gen. No. 16,305.

1. GARNISHMENT—*when garnishee defendant not liable on note.* A garnishee defendant is not liable on a note to the nominal plaintiff where the same has been transferred to a third party, in good faith, before maturity, or before the rendition of the judgment against the nominal plaintiff.

2. GARNISHMENT—*burden on beneficial plaintiff.* The beneficial plaintiff in a garnishment proceeding against the maker of a note has the burden to show that a transfer of the note to a third person was after maturity or not in good faith.

3. GARNISHMENT—*note made to nominal plaintiff.* In a garnishment proceeding on a note made by the garnishee defendant where a third party alleged as holding the note claims to have returned it to the secretary of the beneficial plaintiff, the garnishee is not liable, as there is no evidence that such note was in the hands of the nominal plaintiff at the time of service of the garnishee summons.

Error to the Municipal Court of Chicago; the Hon. JOHN W. HOUSTON, Judge, presiding. Heard in this court at the March term, 1910. Affirmed. Opinion filed June 17, 1912.

**Statement by the Court.** This is a proceeding in garnishment brought by Hennessey Brothers Company as nominal plaintiff for the use of W. J. Cummins, the beneficial plaintiff, based on a judgment for $1,000 recovered November 28, 1908, by the beneficial plaintiff against the nominal plaintiff, in which the St. Mary's Academy, the defendant in error, was summoned as garnishee April 1, 1909. The garnishee answered that it had agreed to pay the nominal plaintiff $28,000 and given notes therefor, but was not able to state the amount of the several notes so given, but had been informed by letters of R. M. Hennessey, of the Hennessey Brothers Company, that one of said notes was for $10,000, and was held by Judge E. F. Dunne; that another was for $8,000 and was held by S. N. Perry; that four of said notes were for $2,500 each, due November 14, 1908; that one of said notes was in the hands of H. L. Ottenheimer, one in the hands of M. Schlessinger, one in the hands of Mrs. R. M. Hennessey, and one in the hands of Mr. Burxon; that all of said notes were held, as stated by said letter, as collateral.

The answer was not traversed, but the parties named in the answer as holders of said notes, with the exception of "Burxon," were made parties to the suit, were served with notice, and all were called as witnesses on behalf of the beneficial plaintiff. Morris Berkson, styled in the answer "Burxon," was also called as a witness by the beneficial plaintiff. The court held that the nominal plaintiff had no right of action against the garnishee defendant for any moneys evidenced by said notes or any of them, and discharged the garnishee.

RICHARD E. BURKE, for plaintiff in error.

No appearance by defendant in error.

MR. JUSTICE BAKER delivered the opinion of the court. No question is made as to the judgment so far as it

472     APPELLATE COURTS OF ILLINOIS.

Hennessey Bros. Co. v. St. Mary's Academy, 171 Ill. App. 470.

relates to and is based on the notes given to the nominal plaintiff other than the note for $2,500 which the answer alleged was held by ''Burxon,'' and the note for $2,500 which the answer alleged was held by Mrs. R. M. Hennessey. Berkson testified that in August, 1908, Levy, the secretary of the beneficial plaintiff, brought to him said note for $2,500 and asked him to accept it as security in part for a debt he owed to a client of Berkson; that he kept the note a week and his best recollection was that he then returned it to Levy. The answer states that the note was due November 14, 1908. Under our statute no person is liable as garnishee by reason of having made any negotiable instrument ''when the same is not due, in the hands of the defendant at the time of the service of the garnishee summons, or the rendition of the judgment.'' R. S. c. 62, § 15. The evidence fails to show that the $2,500 note in question was due in the hands of the defendant at the time of the service of the garnishee summons or the rendition of the judgment, and the court properly held that the garnishee was not liable by reason of having made said note.

The evidence introduced by the beneficial plaintiff shows that the $2,500 note held by Thomas Hennessey was transferred to R. M. Hennessey, the president of Hennessey Brothers Company, to apply on his salary of $3,000 per year as such president; that in January or February, 1909, he delivered said note to his wife, and she, some time in the following spring, delivered the same to Thomas Hennessey as collateral security for money due him from the Hennessey Brothers and Evans Company. There is no evidence tending to show when the note in question was transferred to R. M. Hennessey. If transferred to him in good faith before maturity or before the rendition of the judgment, defendant in error was not liable as garnishee by reason of having made said note. If the transfer was after maturity or was not in good faith,

it was for the beneficial plaintiff to show such fact by proper proof. Wilhelmi v. Haffner, 52 Ill. 222. The evidence does not show either that the note was transferred after maturity or that the transfer to R. M. Hennessey was not in good faith, and therefore fails to show that defendant in error is liable as garnishee by reason of having made said note.

The judgment of the Municipal Court is affirmed.

*Judgment affirmed.*