Rudolph A. Gran (Plaintiff), Appellee, v. Vincent M. Patano and Vincent D. Berberet (Defendants), Appellants.

Gen. No. 33,184.

Opinion filed May 29, 1929.

BAKER, HOLDER & SCHMIDT, for appellants; WILLIAM F. SCHMIDT and CLARENCE KAMMERMANN, of counsel.

CHALLENGER & SHAPIRO, for appellee.

MR. JUSTICE RYNER delivered the opinion of the court.

Peter Vincent and his wife executed three promissory notes, all dated February 4, 1927, and each for the principal sum of $500, due three years after date with interest at the rate of 6 per cent per annum and payable semiannually on August 4 and February 4 of each year. Each of the notes contained an acceleration provision as follows:

"It is further expressely agreed, that, if default be made in the payment of any one of the installments of interest aforesaid, at the time and place aforesaid, when and where the same becomes due and payable, and such default shall continue for ten days after such installment becomes due and payable, as aforesaid, then, and in that event, the said principal sum of Five Hundred Dollars shall, at the election of the legal holder hereof, at once become and be due and payable, anything hereinbefore contained to the contrary notwithstanding; such election to be made at any time after the expiration of said ten days, without notice.

"The payment of this Note is secured by Trust Deed on real estate in Cook County, Illinois.

No. A                                    Peter Vincent

                                        Mary Vincent."

In June, 1927, the plaintiff became the holder of the notes. Each of the notes then bore the indorsements of the defendants, Vincent M. Patano and Vincent D. Berberet. The interest falling due August 4, 1927, was not paid. Before giving notice of the default or making demand upon the indorsers for payment of the interest, the plaintiff, on February 2, 1928, elected to declare the principal of each note due. On the same day he evidenced his election to declare the principal

sums due by serving notice thereof upon the indorser, Patano, at whose office the notes were made payable. The notice contained a demand for payment. Payment was not made and the plaintiff immediately served notice on the makers and the indorser, Patano, that he would hold them liable.

There was no response to the demand for payment and the plaintiff instituted suit in the municipal court of Chicago, where, upon a trial without a jury, he recovered a judgment for $1,417.49, against the two indorsers. Summons was not served upon the makers and they did not appear.

The statement of claim contained no averment that the notes had been presented for payment or that notice of dishonor had been given the indorsers. The defendant Patano executed an affidavit of merits on behalf of himself and his coindorser, Berberet, reading as follows:

"Affiant says that the said promissory notes sued upon by the plaintiff herein and each of them were not duly presented for payment of interest thereon, on, to-wit: the fourth day of August, 1927, in accordance with the tenor of said writings and each of them and that the legal holder thereof did not, to-wit: then give due notice of dishonor to said Vincent M. Patano and Vincent D. Berberet or either of them, and further affiant saith not."

Counsel for the defendants call our attention to the fact that, upon the trial of the case and before the introduction of any evidence, the objection was made that the statement of claim did not state a cause of action. The point, however, is not urged in the points and authorities, or in the argument, as a ground for reversal. Even if it were, the contention should not prevail because the defendants, in their affidavit of merits, supplied the issue which they claim should have

been presented by the statement of claim, i. e., whether the notes were presented for payment of interest and notice of dishonor given to the indorsers.

The pleadings in cases of the first class in the municipal court of Chicago are, now, informal and so far as the issues involved in this appeal are concerned, the same as in cases of the fourth class. The Supreme Court of this State has held that it will not reverse a judgment, entered in a fourth-class case, solely for the purpose of permitting the parties to present in a formal way an issue which they have once tried in the trial court. *Lyons v. Kanter*, 285 Ill. 336.

The case cited involved the review of a judgment in a suit of the fourth class for damages for malicious prosecution. The statement of claim failed to allege lack of probable cause for the prosecution complained of. The defendant's affidavit of merits set up as a defense the existence of probable cause. The Supreme Court held that the statement did not set out a cause of action but in refusing to reverse the judgment in favor of the plaintiff said:

"The defendants appeared and filed their affidavit of merits, basing their defense specifically upon the existence of the very element which the plaintiff had failed to deny,—probable cause,—and the case was tried upon that issue. It was not an immaterial issue, for, although it was not alleged, the plaintiff could not recover without proving it, and the record shows that evidence was introduced by each of the parties on that issue. The instructions are not abstracted, but it is to be presumed that the court instructed the jury on that issue. The issue was introduced by the defendants instead of the plaintiff, but we will not, with the whole record before us, reverse the judgment for the purpose of letting the parties raise in a more formal way an issue of which they have already had the benefit of a

full trial." The rule is productive of economy of time and expense and its application should be encouraged.

In the instant case if the defendants had permitted the plaintiff to obtain a judgment by default, they would be in a position, under the ruling in *Lyons v. Kanter, supra,* to urge here that the judgment should be reversed because the statement of claim was fatally defective. This course they did not pursue. Instead, they saw fit to make of record their contention as to why they should be exempt from liability on the notes. They stated, under oath, that they were not then obligated to pay the principal of the notes because there had been no demand made for the payment of interest when due, or notice of the default given to them. They should be held bound to abide by this position.

We have discussed the question of the sufficiency of the pleadings and the issues raised by them solely for the reason that in two instances in their brief counsel for the defendants refer to the fact that the defendant Berberet was never given notice of "any kind whatever." If by this statement it was intended to raise the question that Berberet was not liable as an indorser because it was not alleged or proved that he was notified of dishonor for nonpayment of the principal of the notes as distinguished from interest, we are of the opinion that counsel should be precluded from so doing because Berberet joined with Patano in making the specific and limited defense that the maturity of the principal of the notes was, without warrant of law, accelerated.

In connection with the contention of the defendants that they were discharged from liability as indorsers because of the method pursued by the plaintiff in accelerating the maturity of the principal of the notes we are not confronted with any question of pleading. The plaintiff made no pretense of alleging or proving

that any notice of dishonor for failure to pay the interest at maturity was given to either of the defendants. Whether this was necessary, as a matter of law, is in fact the sole question presented for our consideration. It is the only point argued by counsel for the defendants.

Each' of the notes provided that in the event of a continuous default in the payment of any instalment of interest for a period of ten days the holder should have the right, at his election, to declare the principal immediately due and payable. It was expressly provided that the election could be made without notice. The latter provision is a valid one and binding upon indorsers as well as makers. . Its evident purpose is to avoid the necessity of giving notice of default of payment of interest before making the election to declare the principal due. This must be true unless an even broader import be given to the words, "without notice," to the effect that the holder is excused from making demand for payment of the principal and, upon failure of payment, from giving the indorsers notice of dishonor.

The Negotiable Instrument statute of this State, Cahill's St. ch. 98, ¶ 21 *et seq.*, contains no express provision which sheds any light upon the subject of controversy. Neither is there any decision of the courts of this State directly in point. A number of cases from this jurisdiction have been cited which hold that interest is merely an incident to the debt and recoverable with it. Applying the same rule, courts in other jurisdictions have held that interest is not subject to protest and notice to indorsers according to the law merchant. In the case of *National Bank of North America v. Kirby,* 108 Mass. 497, the Supreme Court of Massachusetts said:

"Such a note (one payable in installments) is a

single contract and the party to whom it is transferred must take it with notice that, as to the overdue installment, the maker may have a justifiable cause for withholding payment which may affect the whole contract. But in its effect upon the credit of a note, it is manifest that a failure to pay interest is not to be ranked with a failure to pay principal. Interest is an incident of the debt, and differs from it in many respects. It is not subject to protest and notice to indorsers, or days of grace according to the law merchant. Interest is not recovered on overdue interest; and the statute of limitations does not run against it until the principal is due. The holder of a note with interest payable annually loses no rights against the parties to it whether makers or indorsers, by neglecting to demand it; and he has the election to do so, or wait and collect it all with the principal. . . ." See also *Howe v. Bradley,* 19 Me. 31.

For the foregoing reasons the judgment of the municipal court of Chicago is affirmed.

*Affirmed.*

HOLDOM, P. J., and WILSON, J., concur.