Urban Tracey, Receiver of the National City Bank of Ottawa, Illinois, Appellant, v. John Shanley and May Shanley, Appellees.

Gen. No. 9,612.

530

GEORGE V. B. WEEKS, of Ottawa, for appellant.

DUNCAN & O'CONOR, of Ottawa, for appellees.

MR. JUSTICE DOVE delivered the opinion of the court.
The receiver of the National City Bank of Ottawa,
Illinois on March 30, 1933 recovered a judgment in the
circuit court of LaSalle county against John Shanley
and May G. Shanley for $9,313.95 and $5.25 costs. The
suit was brought upon certain notes theretofore ex-
ecuted by the said John Shanley and May G. Shanley
to the National City Bank of Ottawa. On the day the
judgment was rendered, an execution was issued which
was duly returned unsatisfied. On January 10, 1939,
the judgment debtors paid $3,000 to the receiver upon
this judgment, and on May 2, 1939 paid the further
sum of $3,289.44 thereon. On February 28, 1940, the
attorney for John Shanley and May G. Shanley, the
judgment debtors, brought to the office of the receiver
in Ottawa, the sum of $3,029.76 in currency and silver
and tendered it to the receiver in full payment and
satisfaction of the judgment obtained on March 30,
1933. The receiver refused to so accept the tender
but the attorney stated that he was going to leave it
and thereupon placed the money on the table and

walked out of the receiver's office. After the attorney had left, the deputy receiver then in charge placed the money in a safety-deposit box in the vault of the National City Bank where it has since remained. On the same morning, February 28, 1940, the clerk of the circuit court, at the request of the receiver and his attorney, issued an execution against the Shanleys for the sum of $3,024.51, being the balance remaining unpaid on the judgment, together with interest thereon amounting to $2,914.58 and for costs. The judgment debtors, on March 1, 1940, entered their motion to recall and quash this execution and praying for an order finding this judgment fully paid. This motion, upon a hearing, was sustained and in its order, the court found that on February 28, 1940, the judgment debtors paid to the receiver the sum of $3,024.51 in full satisfaction of the balance due upon the judgment as of the date it was entered together with the further sum of $5.25 in full of all court costs, and that the receiver accepted the said payments and thereby said judgment was satisfied. The court further found that on February 28, 1940, interest had accrued upon said judgment, which figured at 5 per cent per annum, amounted to $2,914.58, that this amount of interest did not form or constitute any part of the judgment and that no part of this sum could be collected by execution as more than 5 years had lapsed between the date of the entry of said judgment and the date of this execution. The order directed the receiver to indorse upon the judgment docket containing the entry of the original judgment, the payment of $3,024.51 and $5.25 court costs in full satisfaction and discharge of said judgment, and in the event of his failure so to do within 30 days that the clerk of the circuit court should make such entries. To reverse this order, the receiver prosecutes this appeal.

The record discloses that the receiver, upon the request of counsel for appellees, on May 11, 1939, fur-

nished counsel with the following statement of the status of this judgment:

"John J. & May Shanley.

| | | |
|---|---|---|
| Judgment entered March 30, 1933 | $9,313.95 | |
| | | Interest $2,690.68 |
| Int. 3/30/33 to 1/10/39 5% Paid 1/10/39 | 3,000.00 | |
| Balance on judgment | 6,313.95 | |
| Int. 1/10/39 to 5/2/39 on Bal. | | 98.21 |
| Paid 5/2/39 | 3,289.44 | |
| Balance on judgment | 3,024.51 | |
| Int. 5/2/39 to 5/11/39 | | 3.70 |
| Balance due on judgment 5/11/39 | $3,024.51 | $2,792.68 |
| Total due | | $5,817.19." |

The record also discloses that the execution issued on February 28, 1940 followed this statement and recited that the balance remaining unpaid on the principal amount of the judgment was $3,024.51, and directed the collection of that amount together with interest to be computed at 5 per cent on the original amount of $9,313.95 from March 30, 1933 to January 10, 1939 (being the date of the payment of $3,000) also interest on $6,313.95 from January 10, 1939 to May 2, 1939 (being the date of the payment of $3,289.44) and also interest on $3,204.51 from May 2, 1939 until the same is paid.

It is insisted by counsel for appellees that inasmuch as the receiver did not credit any part of the $3,000 paid on January 10, 1939 or any part of the $3,289.44 payment made on May 2, 1939 to the interest that had accrued at these respective dates, that no interest can

be collected by appellant on this judgment. Counsel argue that this judgment was rendered on March 30, 1933 and that more than 5 years had elapsed between that date and February 28, 1940 when the alias execution was issued which was quashed by the trial court. In support of this contention, the only case cited and relied upon by their counsel is *Blakeslee's Storage Warehouses, Inc. v. City of Chicago,* 369 Ill. 480. It appeared in that case that on February 16, 1926 appellant's intestate recovered, in a special assessment proceeding for land taken, a judgment, the net amount of which was $54,554. On October 28, 1926, this judgment was paid. On December 5, 1934, being more than 8 years after the judgment was rendered and more than 8 years after it was paid, suit was brought in the circuit court of Cook county against the city to recover interest upon the judgment from February 16, 1926 (the date of its rendition) to October 28, 1926 (the date it was paid) and also to recover interest on such unpaid interest after October 28, 1926. The trial court rendered judgment for $1,909.24 being interest at the rate of 5 per cent from February 16, 1926 to October 23, 1926. The Appellate Court held that whatever claim for interest the plaintiff had was barred by the statute of limitations and the Supreme Court affirmed that judgment. In the course of its opinion, the Supreme Court said that the recovery of interest in this State, not contracted for, finds its only authority in the statute, that the right to interest on a condemnation judgment was well settled, that accruing interest recoverable by virtue of the statute was not a part of the judgment and that interest on a judgment should be distinguished from costs. The court quoted from section 15 of the statute of limitations and stated that the action was one to recover interest on a judgment and not upon the judgment itself as the judgment had been paid and that such an action fell within the 5 year statute and was barred thereby.

Section 4, ch. 77, Ill. Rev. Stat. 1939 [Jones Ill. Stats. Ann. 107.154] provides that the person in whose favor any judgment of a court of record may be obtained, may have execution thereon in the usual form, directed to the proper officer of any county in the State to execute. Section 6 of the same chapter provides that no execution shall issue upon any judgment after the expiration of 7 years from the time the same becomes a lien, except upon a revival of the same by scire facias. Section 7 of the same chapter provides: "Every execution issued upon a judgment shall direct the collection of interest thereon, from the date of the recovery of the judgment until the same is paid, at the rate of 6 per centum per annum." Section 3, ch. 74, Ill. Rev. Stat. 1939 [Jones Ill. Stats. Ann. 67.03] provides in part: "Judgments recovered before any court or magistrate shall draw interest at the rate of five (5) per centum per annum from the date of the same until satisfied."

Interest is recoverable in this State either by an independent suit or by way of execution as provided by statute. *Blaine v. City of Chicago,* 366 Ill. 341 and authorities there cited. A judgment bears interest from the date of its rendition, *Paskewie v. East St. Louis & Suburban Ry. Co.,* 281 Ill. 385. Interest upon a judgment is not part of the judgment, but an incident thereto, and arises solely by virtue of the provisions of the statute. *Feldman v. City of Chicago,* 363 Ill. 247.

In *People ex rel. Weiboldt Stores v. City of Chicago,* 368 Ill. 421, a judgment awarding a writ of mandamus to compel a municipality to pay a judgment rendered in a condemnation proceeding on July 26, 1927, together with interest thereon to May 15, 1936 was sustained, the court stating that it was settled law in this State that a condemnation judgment was a final judgment, and drew interest under section 3 of the Interest Act from the date of the judgment, and that such

interest accrued under the statute during the time the judgment creditor remained in possession of the condemned property and that the value of such possession could not be applied to reduce the amount of interest.

The judgment upon which the execution, which was recalled and quashed by the order of the trial court in the instant case, was rendered on March 30, 1933. On that same day, an execution was issued thereon. Less than 7 years thereafter, and on February 28, 1940, the execution involved in this proceeding was issued. Its issuance was authorized by the clear and unequivocal provisions of the statute, and unless the judgment upon which it issued had been satisfied, the trial court erred in recalling and quashing it. Appellees' contention that the tender of the balance remaining unpaid upon the principal of the judgment, operated as a full and complete satisfaction of the judgment and accrued interest is not sustained by the authorities. In 34 C. J. 688 (sec. 1059) it is said: "There can be no complete satisfaction of a judgment by payment unless the payment covers interest, if any, and the costs chargeable against defendant." To the same effect is *Feldman v. City of Chicago, supra.* The tender of appellees did not include any accrued interest. It was made to procure a complete satisfaction and discharge of the judgment. The receiver rightly declined to so accept it.

Interest is defined to be the compensation which is paid by a debtor to his creditor in recompense for his detention of a debt. Bouvier's Law Dictionary 576. The statute of limitations begins to run against a judgment from the date of its rendition, 34 C. J. 1087, sec. 1534, and interest upon a judgment is generally held to commence to run from the date of the entry of the judgment, 17 C. J. 923, sec. 219, *Healy v. Protection Mut. Fire Ins. Co.,* 107 Ill. App. 632, continues to run until the judgment debt is paid, 33 C. J. 238, sec. 133,

and no demand is necessary to start the running of interest on judgments duly entered. 33 C. J. 235, sec. 126.

A creditor may recover for the interest which accrues before the principal becomes due, yet, if he forbears to bring his action for that purpose, as he may, the interest remains incident to the debt, and may be recovered with it, and that, too, although the interest fell due a longer time before the action was brought than the statute of limitations provided. 33 C. J. 255, sec. 178. For instance in *Smolikowski v. Laibe,* 170 Ill. App. 181, which was an action to recover upon a note dated December 23, 1889, due 5 years thereafter, without interest, for the principal sum of $800 it was held that under sec. 2, ch. 74, *supra,* the plaintiff was entitled to recover, in addition to the principal sum, interest thereon at 5 per cent for more than 10 years. Again in a suit to recover upon a note dated March 1, 1895, which matured February 22, 1910 and which provided for interest at the rate of 6 per cent payable annually, it was held that the accruing of interest from year to year was not separated from the principal demand, that it was a mere incident to the debt and followed the principal at the rate specified in the contract, and that the statute of limitations did not begin to run until the note became due and did not bar the recovery of principal and interest. *Ade v. Ade,* 181 Ill. App. 577.

In the instant case in less than 6 years after the judgment was rendered, the judgment debtors voluntarily paid the judgment creditor the sum of $3,000 and 4 months later, paid an additional $3,289.44. No directions were given the judgment creditor as to how these payments should be credited. Under the statute, the judgment creditor was entitled to recover interest at the statutory rate for the detention of the money which the court found, when it rendered judgment on March 30, 1933, to be due him. When the judgment

debtors 'paid the $3,000 on January 10, 1939, that sum exceeded the amount of interest then due upon the judgment and as no directions were given by the judgment debtors to the judgment creditor as to the manner in which this credit should be applied, the judgment creditor had a right to compute the interest upon the judgment to that date, add it to the judgment and then apply the $3,000 to the payment thereof. After so doing, when the further payment of $3,289.44 was made by the judgment debtors to the judgment creditor on May 2, 1939, the judgment creditor might very properly compute the interest upon the sum remaining due on January 10, 1939, after crediting the judgment and interest with the $3,000, paid that day, from January 10, 1939 to May 2, 1939, add that amount of interest to the sum remaining due on January 10, 1939 after the $3,000 credit had been given, and credit that total with said sum of $3,289.44, so paid by the judgment debtors on May 2, 1939.

*Hodgdon v. Hodgdon,* a New Hampshire case reported in Richardson and Woodbury's reports of the Supreme Court of Judicature at page 169, was an action of debt upon a judgment for $280 and costs amounting to $66.89. It appeared that after the judgment was rendered, the judgment debtor paid to the judgment creditor several sums aggregating $345.75, which had been accepted as part satisfaction of the judgment. It was contended by the defendant that the plaintiff was entitled to recover only the difference between the sums paid and the amount of the judgment, being $1.14 and interest only upon that difference. In its opinion, the court said that as a part of the principal remained unpaid, an action therefor could be maintained and as an incident to it, the plaintiff was entitled to recover as damages for the detention of his debt, interest upon the judgment to be computed in the same manner that interest is computed on a note upon which payments had been made and that a judg-

ment creditor had a right to forbear to collect the whole amount of the judgment, in order to enable him by an action of debt upon the judgment, to recover the interest. ''Nor,'' continued the court, ''can this right be defeated by a tender of the balance due upon the judgment and upon the interest on that balance. A judgment creditor is entitled to receive the amount of his judgment and interest upon it until paid, and a tender of anything short of this, is no bar to an action of debt upon the judgment.''

The *Blakeslee Storage Warehouse* case, *supra,* is clearly distinguishable from the instant proceeding. In that case whatever amount of interest was due the judgment creditor, became due when the judgment was paid, and in an independent suit the judgment creditor sought to collect interest which had accrued previous to the time the judgment had been paid. There the judgment had been paid in full and accepted by the judgment creditor more than 5 years before it instituted its suit solely to collect interest. The instant proceeding involves the issuance of an execution for the collection of the balance due on the principal amount of the judgment together with the interest which had accrued thereon from the date of the rendition of the judgment according to the applicable statutory provisions. Here the judgment has never been paid in full. The judgment debtors recognized the validity of the judgment, and made partial payments thereon in January and May 1939, and after the judgment creditor had accepted two such partial payments, the judgment debtors tendered a third sum in full payment of the amount due the judgment creditor, ignoring entirely the statutory provisions which provided that a judgment should draw interest from the date of its rendition until satisfied. If appellees are permitted to prevail in this case, the several statutory provisions with reference to interest upon a judgment, the time when an execution upon a judgment may issue and the mandatory provision of the statute, that such

an execution shall direct the collection of interest from the date of the recovery of the judgment until the same is paid, are all rendered nugatory. The *Blakeslee Storage Warehouse* case did not hold that interest was not recoverable at all, or that a judgment debtor could satisfy a judgment against him by the payment of the principal amount of the judgment without interest.

While interest is not a part of the judgment, as held in the *Blakeslee* case, it is an incident to the judgment and the right to collect it accrues only when it becomes due and is unpaid. No interest accrued until the day following the rendition of this judgment and payment on the day the judgment was rendered of the amount of the judgment and costs would have been a complete satisfaction. Interest on a judgment does not accrue at any one certain date but its accrual is from day to day, and the accruing interest is not separated from the judgment and the statute of limitations does not, run against it until the judgment itself is barred by the statute. Certainly the statute did not run against the accruing interest so long as none of the principal of the judgment was paid and the right to collect interest ran along with the right to collect the judgment during that time at least. The first payment on the judgment was made January 10, 1939 so that would be first date certain from which it could be said that the statute began to run as against the interest. On this theory the execution having been issued on February 28, 1940 was within the limitation period and properly directed the sheriff to collect interest as specified in said execution.

In *Ferry v. Ferry*, 2 Cush. (Mass.) 92 it appeared that by the terms of the note sued on interest was payable annually and that more than 20 years had elapsed since the first instalment of interest became due but the court held that the specified interest could be collected with the principal sum and that collection of the interest, so long past due, was not barred by the

statute of limitations. In its opinion, the court said: "The interest stipulated to be paid is regarded as incident to the debt and recoverable with it; and although the creditor may recover for the interest which accrues before the principal becomes due, yet if he forbear to bring his action for that purpose, as he may, the interest remains incident to the debt and may be recovered with it."

The trial court erred in sustaining appellees' motion to recall the execution issued on February 28, 1940, and in quashing the same, and in entering the order appealed from. The judgment order will be reversed and the cause remanded to the circuit court of LaSalle county with directions to overrule appellees' motion and enter an order in conformity with the views expressed in this opinion.

*Reversed and remanded with directions.*

