NATIONAL BANK OF AUSTIN, Trustee, *et al.*, Plaintiffs-Counterdefendants, *v.* FIRST WISCONSIN NATIONAL BANK OF MILWAUKEE, Defendant-Counterclaimant-Judgment Creditor-Appellee.—(BKT ENTERPRISES *et al.*, Judgment Debtors-Appellants; EASTWOOD MANOR WATER COMPANY, Garnishee-Appellant.)

Second District   No. 76-158

Opinion filed May 23, 1977.

Joseph B. Cleary, of Deerfield, for appellants.

Robin G. Munden, of McDermott, Will & Emery, of Chicago, for appellee.

Mr. JUSTICE SEIDENFELD delivered the opinion of the court:

Whether past due installments of interest pursuant to a negotiable promissory note may be garnished prior to the maturity of the instrument is the issue in this appeal.

The First Wisconsin National Bank of Milwaukee, the judgment creditor, on July 29, 1975, filed an affidavit for nonwage garnishment[1] (Ill. Rev. Stat. 1973, ch. 62, par. 33) alleging that the garnishee, Eastwood Manor Water Company, was indebted to BKT Enterprises, a partnership, James A. Taggart, Sally Taggart, and Fred Brodie, the judgment debtors. Garnishment summons was issued and served. An order of conditional judgment was entered on November 21, 1975, for $607,184.66 plus costs. Thereafter garnishment summons was issued and served to confirm the conditional judgment. The garnishee answered alleging that the only indebtedness owing from the Water Company to any of the judgment debtors was the total principal amount of $166,289.50 plus interest at 7% arising out of two promissory notes dated July 1, 1971, and November 1, 1973. The answer also set forth the defense that there was no basis for garnishment because the principal amounts of the notes were not due

---

[1] The affidavit was based upon the judgment entered in favor of the First Wisconsin National Bank against the judgment debtors on July 17, 1975, for a deficiency judgment in the amount of $607,184.66.

until October 31, 1978, and June 30, 1981, respectively (citing Ill. Rev. Stat. 1973, ch. 62, pars. 41 and 45). In answer to interrogatories the garnishee stated facts from which the interest due could be computed at the amount of $17,251.53. On January 16, 1976, the trial court ordered that the conditional judgment be confirmed in the amount of $17,251.53 plus interest and costs. The judgment debtors and the garnishee join in this appeal.

The Garnishment Act alleged as a defense provides as pertinent:

"§ 9. No person shall be liable as a garnishee by reason of having drawn, accepted, made or endorsed a negotiable instrument in the hands of the judgment debtor at the time of either (1) service of garnishment summons or (2) rendition of judgment when the negotiable instrument is not due.

＊　＊　＊

§ 13. If the debt from the garnishee to the judgment debtor is not due, judgment shall not be entered against the garnishee until the debt is due, either by the terms of the agreement giving rise thereto or by acceleration as therein provided." Ill. Rev. Stat. 1973, ch. 62, pars. 41, 45.

The appellants rely on the language of section 13 (par. 45) which, they argue, prohibits entry of a judgment against the garnishee when "the debt ＊ ＊ ＊ is not due," and further rely on the language in section 9 (par. 41) that "no person shall be liable as a garnishee ＊ ＊ ＊ when the negotiable instrument is not due." They argue that since section 9 (par. 41) refers to the maturity of the negotiable instrument the "debt" under its provisions must be the principal amount due and not interest installments.

We agree, however, with the position of the judgment creditor that admittedly past due debts represented by interest installments payable on a negotiable instrument are subject to garnishment.

■■ The Garnishment Act of course recognizes that the mere fact that a debt is secured by a negotiable instrument does not bar garnishment. (See, e.g., Snider v. Ridgeway, 49 Ill. 522, 525 (1869).) The statutory provisions that a garnishment judgment may not be entered when the negotiable instrument is not due (par. 41) and that a final garnishment judgment may not be entered until the debt is due (par. 45) would appear to be for the purpose of protecting a debtor from double liability to the holder of the instrument and to protect its negotiability.

Under the statutory provisions a person is not liable as garnishee simply by reason of having made a negotiable instrument which is due at some future time. (See Hennessey Bros. v. St. Mary's Academy of Benedictine Sisters, 171 Ill. App. 470, 472 (1912).) By the nature of a negotiable instrument the payee from time to time is uncertain and the time of payment is in the future. Thus, absent protection to the maker, it is

conceivable the instrument could be reached by garnishment before anything is due upon it and the maker might be compelled to pay again to a further transferee. It would also follow that if this could be the result, the transferability of the instrument would be seriously impaired. See R. Shinn, A Treatise on the American Law of Attachment and Garnishment 948-49 (1896).

Neither the hazard of double liability nor the impairment of negotiability, however, would result from permitting garnishment of portions of the secured debt which have become due under the terms of the instrument.

Thus, in *Wells v. Binner*, 170 Ill. App. 412, 415 (1912), the court rejected a claim that garnishment would not lie against a debt secured by a negotiable instrument when the whole of the notes was not due. The court held that the installments of principal, one of which was due on the date of service with other installments becoming due before judgment, were subject to garnishment. The appellants seek to distinguish *Wells v. Binner* on the ground that only principal installments were involved and not interest.

■█ ■ Interest due before the garnishment is, however, part of the debt evidenced by the note. (See *Gran v. Patano*, 253 Ill. App. 339, 344-45 (1929); J. Rood, A Treatise on the Law of Garnishment 171-72 (1896).) A creditor has a cause of action to recover for the interest due before the principal debt is itself due, or he may forbear and recover the interest with the matured principal. (*Tracey v. Shanley*, 311 Ill. App. 529, 540 (1941). See also *Barron v. Boynton*, 138 Me. 69, 15 A.2d 191, 193 (1940).) With respect to the garnishment in the particular circumstances before us there is thus no relevant difference between installments of principal and those of interest. Each represents a debt due prior to the maturity of the whole instrument. Similarly then, each may be garnished. See *Shropshire v. Alvarado State Bank*, 196 S.W. 977 (Tex. Civ. App. 1917).

■■ The principle that the judgment creditor as garnishor is subrogated to whatever rights a judgment debtor may have against a garnishee leads to the same conclusion. The judgment debtors possessed a cause of action against the garnishee to recover the installments of interest as they became due prior to the maturity of the note. Therefore, the garnishor could exercise the right of the judgment debtors to collect this debt. See *Liberty Leasing Co. v. Crown Ice Machine Leasing Co.*, 19 Ill. App. 3d 27, 29 (1974).

Appellants have cited *Hennessey Bros. v. St. Mary's Academy of Benedictine Sisters*, 171 Ill. App. 470 (1912), to support their argument that garnishment does not lie until the entire instrument is due. However, the case is not helpful under the circumstances before us since no installments of either principal or interest were involved. The fact that the

evidence failed to show that a debt was due in the hands of the defendant at the time of the service of the garnishee summons or the rendition of judgment properly dictated the result that garnishment would therefore not lie.

We conclude that the garnishment judgment entered in the trial court was proper. The judgment is affirmed.

Affirmed.

GUILD and WOODWARD, JJ., concur.